UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-2184 JGB (SPx)** | Date | March 3, 2021 |
| Title | ***Katrina Harris, et al. v. 68-444 Perez, Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiffs' Motion to Reopen Case (Dkt. No. 69); and (2) VACATING March 8, 2021 Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs' motion to reopen the case filed on February 5, 2021. ("Motion," Dkt. No. 69.)  Defendants filed an opposition on February 12, 2021 ("Opposition," Dkt. No. 70), and Plaintiffs replied on February 19, 2021 ("Reply," Dkt. No. 71).  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.

On December 15, 2020, Plaintiffs filed a notice of settlement, indicating that the case had settled in its entirety.  (Dkt. No. 67.)  In light of this notice, on December 22, 2020, the Court placed this action in inactive status, and ordered the parties to inform the Court if settlement had not been consummated by February 4, 2021.  (Dkt. No. 68.)  Plaintiffs move to reopen the case because the settlement between the parties was not effectuated.  (Mot.)  Plaintiffs Katrina Harris, Crystal Corona, Antonia Crane, Rylee Ferguson, and Alexandra Mantikas, who were compelled by this Court to pursue their claims in arbitration, (Orders on Motions to Compel Arbitration, Dkt. Nos. 33, 53), seek to have their claims proceed in arbitration.

In their Opposition, Defendants do not object to reopening the case, but they oppose re-opening Plaintiffs' arbitrations, instead requesting that those Plaintiffs re-join this action.  (Opp'n at 2.)  Defendants' main complaint is that they would be subjected to "oppressive" arbitration fees if the arbitrations were to be re-opened.  (Id. at 2-3.)  But as Plaintiffs note, Defendants forced their employees to sign arbitration agreements and then moved the Court to compel arbitration.  (Reply at 4-6.)  Courts have repeatedly rejected employers' efforts to avoid arbitrations they force on their employees to avoid filing costs.  See Abernathy v. DoorDash, Inc., 438 F.Supp.3d 1062 (N.D. Cal. 2020).  Here, as in Abernathy, after "forc[ing] arbitration clauses

upon workers[,]" Defendants now "blanch[] at the cost of the filing fees" and wish to resort to a collective action, the very device they sought to deny to their workers, to avoid their duty to arbitrate. Id. at 1067-68. "This hypocrisy will not be blessed." Id. Plaintiffs Katrina Harris, Crystal Corona, Antonia Crane, Ryle Ferguson, and Alexandra Mantikas' claims will proceed in arbitration, as the Court previously ordered upon Defendants' motions to compel arbitration. (Dkt. Nos. 33, 53.)

The Court GRANTS Plaintiffs' Motion to reopen, and ORDERS that the trial and deadlines in this matter shall be as follows:

- Deadline for Initial Designation of Expert Witnesses: 6/4/2021;
- Deadline for Designation of Rebuttal Expert Witnesses: 6/18/2021;
- All Discovery Cut-Off (including hearing of discovery motions): 7/30/2021;
- Dispositive Motion Hearing Cut-Off: 9/27/2021 at 9:00 a.m.;
- Last day to Conduct Settlement Conference: 8/27/2021;
- Final Pre-Trial Conference: 10/25/2021 at 11:00 a.m.;
- Jury Trial: 11/9/2021 at 09:00 a.m.

**IT IS SO ORDERED.**