# EXHIBIT 1

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE OF ALL CLAIMS

This Confidential Agreement and General Release of All Claims ("Settlement Agreement") is entered into by and between Rebecca Anspach, Marissa Duran, Akilah Hammond, Kimberly Ann Hoyer, Mandy Johnson, Shanon Nuckols, Vanessa Ruiz, Andjela Suka, Neli Vasquez, Marlene Silva, Mikayla Bellamy, Chelsee Lloyd, and any other Plaintiff opt-ins in the litigation entitled *Harris vs. 68-444 Perez, Inc. dba Showgirls* (5:19-cv-02184) and *Silva et al vs. 68-444 Perez, Inc. dba Showgirls* (collectively "Plaintiffs") and 68-444 Perez Drive, Inc. dba Showgirls ("Showgirls") and Abdul Wahab Shawkat (collectively "Defendants"). Katrina Harris is a Plaintiff party to this Agreement as well for the purpose of resolving her claim for attorney's fees and costs in her separate matter pending in the American Arbitration Association. The term "Party" or "Parties" as used herein shall refer to Plaintiffs and Defendants, as may be appropriate.

1.  **Recitals.**

This Settlement Agreement is made with reference to the following facts:

(a)  Plaintiffs are former exotic dancers at Showgirls.

(b)  On November 14, 2019, Katrina Harris filed a Collective Action Complaint in the United States District Court, Central District (5:19-cv-02184), for 1. Failure to Pay Minimum Wage, 29 U.S.C. section 206, 2. Failure to Pay Overtime Wages, 20 U.S.C. section 207, 3. Unlawful Taking of Tips, 29 U.S.C. section 203, and 4. Conversion, Cal. Civ. Code section 3336.

(c)  In 2021, Marlene Silva, Mikayla Bellamy and Chellsee Lloyd filed a Collective Action Complaint in the United States District Court, Central District (5:21-cv-00397).

(d)  The *Harris* and *Silva* matters were thereafter consolidated. (Hereinafter both shall be referred to as the "Actions".)

(e)  The only Plaintiffs remaining in the *Harris* and *Silva* matters are Rebecca Anspach, Marissa Duran, Akilah Hammond, Kimberly Ann Hoyer, Mandy Johnson, Shanon Nuckols, Vanessa Ruiz, Andjela Suka, Neli Vasquez, Marlene Silva, Mikayla Bellamy, and Chelsee Lloyd. This settlement is separate from the claims of Katrina Harris' individual claims (except attorney's fees), Karli Beckett, Antonia Crane, Alexandra Mantikas and Rylee Ferguson.

(f)  On November 30, 2021, the Parties participated in an all-day mediation with Mediator Natasha Chesler to resolve the remaining Plaintiffs in the *Harris* and *Silva* matters. Ms. Chesler was selected from the USDC Federal Mediator panel in response to a Court order to submit to mediation.

(g) The Parties now wish to resolve any potential claims made by Plaintiffs in the *Harris* and *Silva* matters in exchange for the releases stated below.

(h) This settlement is intended to entirely extinguish the *Harris* and *Silva* matters in their entirety and no further opt-ins will be considered.

(i) In 2021, Katrina Harris and Defendants settled her Arbitration claim pending in the American Arbitration Association (01-20-0003-8065-2-JG). The only remaining item was Harris' motion for an award of attorney's fees and costs which is scheduled for hearing on December 30, 2021. Through this settlement, Harris has agreed to resolve her claim for attorney's fees and costs.

(j) The enforceability of this Agreement is contingent upon the Court's approval of this settlement.

2. **Non-admission of Wrongdoing.**

The parties agree that neither this Settlement Agreement nor the furnishings of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

3. **Consideration/Indemnification for Tax Consequences.**

(a) In consideration for signing this Settlement Agreement and complying with its terms, within sixty (60) days of approval by the *Harris* and *Silva* court of this settlement and receipt of a W-9 from counsel for Plaintiffs, Defendants will pay one million one hundred fifty thousand dollars ($1,150,000) in full and final settlement of the Actions. The sum shall be paid to the "Carpenter & Zuckerman Client Trust Account" and shall be reported to Carpenter & Zuckerman and the participating Plaintiffs via 1099. Fifty thousand dollars ($50,000) of the $1,150,000 is considered the agreed upon attorney's fee and cost award in the *Harris vs. 68-444* Arbitration pending in the American Arbitration Association (01-20-0003-8065-2-JG).

(b) The settlement payment identified in section 3(a) above is contingent upon the *Harris* and *Silva* court's approval of this settlement. Should this settlement not be approved by the Court, this settlement agreement shall be void.

4. **Motion for Approval of Settlement and Dismissal.**

(a) After the full execution of this Agreement, Plaintiffs shall prepare and file a motion for approval of this settlement in both the *Harris* and *Silva* matters.

(b) If the settlement is approved, Plaintiffs shall file dismissals with prejudice of the *Harris,* and *Silva* actions upon receipt of the one million one hundred fifty thousand dollars ($1,150,000).

(c) After approval of the settlement, Plaintiffs shall file a dismissal of the *Harris vs. 68-444 et al* individual matter pending in the American Arbitration

Association identified as case number 01-20-0003-8065-2-JG upon receipt of the fifty thousand dollars ($50,000) agreed as attorney's fees in *Harris vs. 68-444* Arbitration pending in the American Arbitration Association (01-20-0003-8065-2-JG).

5.  **General Release of Claims.**

(a)   Plaintiffs, individually and on behalf of their heirs, executors, administrators, representatives, attorneys, successors and assigns knowingly and voluntarily release and forever discharge 68-444 Perez, Inc. dba Showgirls including Showgirls, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and the trustees, administrators, fiduciaries and insurers of such plans and programs. Plaintiffs also individually and on behalf of Plaintiffs heirs, executors, administrators, representatives, attorneys, successors and assigns knowingly and voluntarily release and forever discharge Abdul Wahab Shawkat and Sahar Shawkat and their heirs, executors, administrators, representatives, attorneys, spouses, and assigns (Collectively, all of the above entities shall be referred to as the "Released Parties"). Upon approval by the Court of this settlement, the Released Parties shall be released to the fullest extent permitted by law, of and from any and all claims, known and unknown, asserted and unasserted, which Plaintiffs have or may have against the Released Parties as of the date of execution of this Settlement Agreement.

6.  **Waiver of California Civil Code Section 1542.**

To affect a full and complete General Release as described above, Plaintiffs expressly waive and relinquish all rights and benefits of Section 1542 of the Civil Code of the State of California and does so understanding and acknowledging the significance and consequence of specifically waiving Section 1542. Section 1542 of the Civil Code of the State of California states as follows:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.

Thus, notwithstanding the provisions of Section 1542, and to implement a full and complete release and discharge of the Released Parties, Plaintiffs expressly acknowledge this Settlement Agreement is intended to include in its effect, without limitation, all claims Plaintiffs do not know or suspect to exist in Plaintiffs' favor at the time of signing this Settlement Agreement, and that this Settlement Agreement contemplates the extinguishment of any such claims. Plaintiffs warrant they have read this Settlement Agreement, including this waiver of California Civil Code Section 1542, and that Plaintiffs have consulted with or had the opportunity to consult with Counsel of Plaintiffs' choosing about this Settlement Agreement and specifically about the wavier

of Section 1542, and that Plaintiffs understand this Settlement Agreement and the Section 1542 waiver, and so Plaintiffs freely and knowingly enter into this Settlement Agreement. Plaintiffs further acknowledge that Plaintiffs later may discover facts different from or in addition to those Plaintiffs now know or believe to be true regarding the matters released or described in this Settlement Agreement, and even so Plaintiffs agree that the releases and agreements contained in this Settlement Agreement shall remain effective in all respects notwithstanding any later discovery of any different or additional facts. Plaintiffs expressly assume any and all risks of any mistake in connection with the true facts involved in the matters, disputes or controversies released or described in this Settlement Agreement or with regard to any facts now unknown to Plaintiffs relating thereto.

7. **Enforceability.**

(a) As part of this agreement, the Parties will enter into a Stipulated Judgments that may be executed and submitted to the U.S. District Court for entry for failure to make payment consistent with this agreement. The Court will maintain jurisdiction of this matter to effectuate entry and execution of the Stipulated Judgments. In the event of a breach, Plaintiffs will be entitled to unilaterally and without notice apply for reinstatement of their claims in the Federal Action to the Court's active calendar for entry of judgment against defendants 68-444 Perez, Inc. and Abdul Wahab Shawkat. Plaintiffs shall submit the following to the Court: (1) declaration(s) attesting to the breach; (2) the interest accrued; (3) attorneys' fees incurred and payments made, if any; and (4) the resulting amount to the Stipulated Judgments. Defendants 68-444 Perez, Inc. and Abdul Wahab Shawkat are each jointly and severally liable for settlement obligations and pursuant to the Stipulated Judgments.

8. **Acknowledgments and Affirmations.**

(a) Plaintiffs affirm that they have not filed or caused to be filed any claim, complaint or action against any of the Released Parties in any forum or form, other that the Action that the Plaintiffs presently are not a party to any claim, complaint or action against any of the Released Parties in any forum or form, other than the Action.

(b) The Parties acknowledge that this Settlement Agreement does limit any Party's right, where applicable, to file or participate in any investigative proceeding of any federal, state or local government agency. To the extent permitted by law, Plaintiffs agree that is such an administrative charge is made, Plaintiffs shall not be entitled to recover any individual monetary relief of other individual remedies.

8. **Confidentiality.**

(a) With the exception of the requirements to obtain approval of this settlement, Plaintiffs will not post on any type of social media any details about the settlement and Plaintiffs' counsel will not disclose the name of the case in any

advertising or website posting, at any time unless otherwise compelled by operation of law.

9.  **No Transfer/Assignment of Claims.**

Plaintiffs warrant and represent that they have not assigned or transferred or purported to assign or transfer to any person or entity all or any part of or any interest in any claim released under this Settlement Agreement. Plaintiffs and Plaintiffs' counsel agree that they are solely responsible for the satisfaction of any assignment or lien to any lien holder and will indemnify and hold the Released Parties harmless against any liens, damages, penalties, fines, fees, assessments, taxes or attorneys' fees that may be imposed against or incurred by any of the Released Parties as a result of the actions of any lien holder or any lien claimant or any taxing authority or any court in relation to any interest which any third party may have in any claim which Plaintiffs are releasing under this Settlement Agreement or any interest *in* any of the proceeds paid to Plaintiffs or Plaintiffs' Counsel under this Settlement Agreement.

10.  **Liens and Attorneys' Fees/Indemnification.**

(a)  Plaintiffs acknowledges Plaintiffs are solely responsible for any liens made in connection with any services performed on Plaintiffs' behalf by any attorney, consultants, expert witnesses or healthcare providers. Each Party solely is responsible for any fees and costs he, she or it has incurred including, but not limited to, fees for attorneys, consultants and expert witnesses. Despite the fact a portion of the gross sum set forth in Section 3(1) above is being paid to Plaintiffs' Counsel, Plaintiffs acknowledge that none of the Released Parties are responsible for the payment of any fees incurred on behalf of Plaintiffs in connection with the prosecution of the Action.

(b)  Plaintiffs acknowledge and agree that Plaintiffs will indemnify the Released Parties for any and all costs any of them incurred as a result of any claims made by any attorneys, consultants, expert witnesses, healthcare providers or other third parties to recover monies form the amounts payable to Plaintiffs or Plaintiffs' Counsel under this Settlement Agreement.

(c)  If a party moves to enforce this Agreement, the prevailing party shall be entitled to recover reasonable fees and/or costs incurred. Other than this provision, all parties are to bear their own fees and costs.

11.  **Governing Law and Interpretation.**

(a)  This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of California provided, however, that parol evidence shall not be admissible to alter, vary or supplement the term of this Settlement Agreement. Should any provision of this Settlement Agreement be declared illegal or unenforceable, excluding the General Release language, such provision immediately shall be come null and void, leaving the remainder of this

Settlement Agreement in full force and effect.

### 12. Amendment

This Settlement Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement.

### 13. Miscellaneous.

(a) This Settlement Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Settlement Agreement or a signature transmitted by facsimile or electronic mail shall have the same effect as the original signature.

(b) The section headings used in this Settlement Agreement are intended solely for convenience or reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

(c) This Settlement Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity or uncertainty, this Settlement Agreement shall not be construed against the Party preparing it but shall be construed as if both Parties prepared it jointly.

(d) If Plaintiffs or Defendants fail to enforce this Settlement Agreement or to insist on performance of any term, that failure does not mean a waiver of that term or of the Settlement Agreement. The Settlement Agreement remains in full force and effect anyway.

### 14. Entire Agreement.

This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between Parties hereto. Plaintiffs acknowledges that Plaintiffs have not relied on any representations, promises or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

Plaintiffs' counsel has power of attorney to sign this agreement for all Plaintiffs. It is understood that individual settlement agreements for the individual Plaintiffs will be drafted and signed pursuant to law by individual Plaintiffs or their representatives that shall include allocations of attorneys' fees, costs, and recovery to each individual Plaintiff. The individual settlement agreements will include Stipulated Judgments pertaining to each individual Plaintiff. Per the Fair Labor Standards Act, the individual settlement agreements will be submitted to the Court for approval.

**IN WITNESS WHEREOF,** the parties hereto knowingly and voluntarily execute this Settlement Agreement as of the dates set forth below.

Executed on 11-30, 2021

_____
John P. Kristensen on behalf of Plaintiffs

Executed on 11/30/2021, 2021

68-444 Perez Drive, Inc. dba Showgirls

By: _____
Abdul "Tony" Shawkat

Executed on 11/30/2021, 2021

_____
Abdul Wahab Shawkat